UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Charles D. Taylor

        v.                          Civil No. 12-cv-442-JL
                                    Opinion No. 2013 DNH 106
Carolyn Colvin, Acting Commissioner,
Social Security Administration


**<u>ORDER ON APPEAL</u>**

Charles Taylor appeals the Social Security Administration's ("SSA") denial of his application for Supplemental Security Income.  An administrative law judge ("ALJ") at the SSA ruled that, despite Taylor's severe impairments of seizure disorder and alcohol dependence, he retains the ability to perform his past relevant work as a store associate, and, as a result, is not disabled.  See 20 C.F.R. § 416.905(a).  The Appeals Council later denied Taylor's request for review of the ALJ's decision, see id. § 416.1467, with the result that the ALJ's decision became the SSA's final decision on Taylor's application, see id. § 416.1481. Taylor then appealed the decision to this court, which has jurisdiction under 42 U.S.C. § 405(g) (Social Security).

Taylor has filed a motion to reverse the decision.  See L.R. 9.1(b)(1).  Taylor's motion attributes two errors to the ALJ: (1) the failure to conclude that Taylor's chronic lumbar pain was a severe impairment, and (2) the conclusion that Taylor was capable

of performing his past relevant work.  The Commissioner of the
SSA has cross-moved for an order affirming the ALJ's decision.
See L.R. 9.1(d).  As explained below, the court agrees with
Taylor on his second assignment of error, and accordingly grants
his motion to reverse (and denies the Commissioner's motion to
affirm) the ALJ's decision.

    As he was required to do, the ALJ evaluated Taylor's claim
of disability in accord with the five-step sequential process set
forth in 20 C.F.R. § 416.920(a)(4), the content of which has been
explored thoroughly elsewhere and need not be repeated here.  At
step two of this analysis, the ALJ was called upon to determine
whether Taylor had "a severe medically determinable physical or
mental impairment."  Id. § 416.920(a)(4)(ii).  And, as already
mentioned, the ALJ found that Taylor had two severe impairments:
seizure disorder and alcohol dependence.  Admin. R. at 34.

    That the ALJ did not also find that Taylor suffered from a
severe impairment of chronic lumbar pain is immaterial.  As the
Commissioner points out, this court has repeatedly held that an
ALJ commits no reversible error at step two by identifying only
some of a claimant's impairments as "severe" so long as he
"consider[s] the limiting effects of all [the claimant's]
impairment(s), even those that are not severe" in conducting his
analysis in the remaining steps.  20 C.F.R. § 416.945(e); see,

2

e.g., Santiago v. Astrue, No. 11-cv-537, 2013 WL 1282524, at *2 (D.N.H. March 29, 2013); Lawton v. Astrue, 2012 DNH 126, at 17. The ALJ did just that here, addressing Taylor's subjective complaints of "severe pain in the back, hips, and legs," as well as the medical evidence of record concerning Taylor's back condition, while evaluating Taylor's residual functional capacity.  Admin. R. at 36.

The ALJ did err, however, at step four of the analysis when he concluded that Taylor was able to perform his past relevant work despite his impairments.  See 20 C.F.R. § 416.920(a)(4)(iv). In reaching this conclusion, the ALJ found that Taylor was able to perform his previous work as a "sales associate"--a job Taylor held at a Lowe's home improvement store for about four months in mid-2009.  See Admin. R. at 37.  Based upon the record evidence, however, Taylor's job at Lowe's did not qualify as "past relevant work" under the SSA's regulations.

The ALJ correctly observed that the regulations define "past relevant work" as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."  20 C.F.R. § 416.960(b)(1).  To determine whether a job previously held by a claimant qualifies as "past relevant work," then, one must examine whether that job was "substantial gainful activity."

3

Although the ALJ's written opinion is unclear on this point, he appears to have considered Taylor's job as a sales associate to be "substantial gainful activity" because Taylor's average monthly earnings for that job were substantial (i.e., they exceeded the amount set forth in 20 C.F.R. § 416.974(b)).[1]  The ALJ's conclusion therefore rested on the default rule set forth in 20 C.F.R. § 416.974, which explains that "[g]enerally, in evaluating [a claimant's] work activity for substantial gainful activity purposes, [the SSA's] primary consideration will be the earnings [the claimant] derive[s] from the work activity. . . . Generally, if [the claimant has] worked for substantial earnings, [the SSA] will find that [the claimant is] able to do substantial gainful activity."  Id. § 416.974(a)(1).

"Generally," however, does not mean "always."  A claimant's "substantial work may, under certain conditions, be disregarded if it is discontinued or reduced to the [non-substantial gainful activity] level after a short time because of [the claimant's] impairment."  Social Security Ruling 05-02, Titles II and XVI: Determination of Substantial Gainful Activity if Substantial Work Activity is Discontinued or Reduced--Unsuccessful Work Attempt, 2005 WL 6491604, at *2 (S.S.A. 2005); see also 20 C.F.R. §

---

[1]That is, at any rate, the basis on which the Commissioner defends the ALJ's conclusion.

4

416.974(a)(1) (a claimant's "earnings from an unsuccessful work attempt will not show that [he is] able to do substantial gainful activity"); id. § 416.974(c)(1) (similar).

Section 416.974(c) sets forth those conditions.  Where, as here, a claimant held a job for longer than three months, the regulation explains that the job should not be considered substantial gainful activity if (1) "it ended, or was reduced below the substantial gainful activity earnings level, within 6 months because of [the claimant's impairment]"; and (2) the claimant was "frequently absent from work because of [his] impairment."[2]  Id. § 416.974(c)(4)(i).  That was the case here. Taylor testified that after only a month of employment at Lowe's, he had a seizure that prevented him from returning to work for a month, and that this period of idleness was immediately followed by another month out of work due to other health problems. Admin. R. at 53-54.  This testimony, which the ALJ did not question, was consistent with other evidence of record.  See, e.g., id. at 123, 439-92.  While Taylor was able to then return to work for another month, he was ultimately discharged due to the lengthy absences attributable to his impairments.  Id. at 54.

---

[2]The regulation also identifies other circumstances in which a job that provided substantial earnings may qualify as an "unsuccessful work attempt," and thus not constitute "substantial gainful activity."  The court need not explore those here.

Taylor's job at Lowe's, then, did not constitute substantial gainful activity, and hence did not qualify as "past relevant work" for purposes of step four of the ALJ's analysis.  The ALJ erred in considering it as such.

The Commissioner urges this court to nonetheless affirm the SSA's denial of benefits, arguing that the ALJ's "application of the correct legal standard could lead to only one conclusion"–– i.e., a denial of benefits.  Memo. in Supp. of Deft.'s Mot. to Affirm (document no. 9-1) at 10 (quoting Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 656 (1st Cir. 2000)).  The record is not quite so clear-cut.  The ALJ may certainly conclude on remand that Taylor is not disabled, and again deny benefits.  He may even conclude his analysis at step four, since it appears that Taylor has other past relevant work that the ALJ did not consider in his analysis.  The outcome is not, however, a foregone conclusion, and assessing the record evidence on these points is, in the first instance, a task for the ALJ.

Based on the foregoing, Taylor's motion to reverse the Commissioner's decision[3] is GRANTED, and the Commissioner's motion to affirm that decision[4] is DENIED.  See 42 U.S.C.

---

[3]Document no. 7.

[4]Document no. 9.

§ 405(g).  The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 8, 2013

cc:  Raymond J. Kelly, Esq.
     Robert J. Rabuck, Esq.